BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
KIMBALL C. CHEN
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KIMBALL C. CHEN,

           *Plaintiff*,

  -against-

MEREDITH E. MARSHALL,

           *Defendant*.
-----------------------------------------------------------X

Case No. 12 Civ.

**COMPLAINT**



RECEIVED NOV 21 2012 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, KIMBALL C. CHEN ("Chen"), as and for his Complaint against defendant, MEREDITH E. MARSHALL ("Marshall"), by and through his undersigned attorneys, hereby alleges as follows:

## BACKGROUND

      1.    This action arises from two loans made by Chen to Marshall in the total principal amount of $600,000. In exchange for these loans, Marshall executed two promissory notes in which he undertook to repay the entire amounts of the loans, plus accrued interest at a rate of 3.25% per annum, to Chen or to his order by August 31, 2011. Although the loans have been outstanding for over a year, Marshall has made only a single payment in the amount of $25,000 to date. Accordingly, Chen is entitled to judgment for the outstanding balance of the loans, plus accrued interest, costs, and attorneys' fees.

## THE PARTIES

2. Chen is a resident and domiciliary of the State of New York, with a residential address in New York, New York.

3. Upon information and belief, Marshall is a resident and domiciliary of the State of New Jersey, with a residential address in Alpine, New Jersey.

## VENUE AND JURISDICTION

4. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this District.

5. This Court has diversity subject matter jurisdiction over this dispute because the parties are citizens of different States and the amount in dispute exceeds $75,000.

## FACTS

6. By promissory note dated June 30, 2011 (the "First Promissory Note"), Marshall agreed to pay to Chen the principal amount of $550,000 pursuant to terms and conditions more fully set forth in the First Promissory Note. A true and correct copy of the First Promissory Note is annexed hereto as Exhibit "A".

7. By promissory note dated July 1, 2011 (the "Second Promissory Note"), Marshall agreed to pay to Chen the principal amount of $50,000 pursuant to terms and conditions more fully set forth in the Second Promissory Note. A true and correct copy of the Second Promissory Note is annexed hereto as Exhibit "B".

8. In exchange for each of the First and Second Promissory Notes, Chen loaned Marshall the principal sums of $550,000 and $50,000, respectively, pursuant to terms and conditions more fully set forth in the First and Second Promissory Notes.

9. Under the terms of the First and Second Promissory Notes, Marshall agreed to pay to Chen the principal amount of each Note, plus interest at an annual rate of 3.25% per annum, on or before August 31, 2011.

10. To date, Marshall has made only one payment to Chen, in the amount of $25,000, which payment was made on August 1, 2012. Marshall has otherwise failed to pay Chen the principal amount, along with accrued interest, due under the First and Second Promissory Notes within the time set forth therein or at any time thereafter, despite due demand therefor.

11. Marshall is in default of his obligations to pay Chen.

12. Chen sent Marshall a letter on November 7, 2012 confirming that the amounts due under the First and Second Promissory Notes were outstanding and demanding immediate payment. Marshall did not dispute the amount of the Notes or his debt to Chen.

13. The First and Second Promissory Notes each state that Chen shall be entitled to reimbursement of all reasonable costs of collection of the Notes, including all reasonable attorneys fees in connection therewith.

## FIRST CAUSE OF ACTION
### (Breach of Contract – First Promissory Note)

14. Chen repeats and realleges each and every allegation contained in paragraphs 1 through 13 above as if the same were fully set forth at length herein.

15. Chen and Marshall were parties to a binding agreement whereby Chen agreed to loan Marshall the principal amount of $550,000, and Marshall agreed to repay the principal amount plus accrued interest by August 31, 2011.

16. Chen has performed all his obligations under the parties' agreement by transferring funds in the amount of $550,000 to Marshall on June 29, 2011.

17. Marshall has failed to make payment in the full amount due under the First Promissory Note and has defaulted on his obligation to repay Chen.

18. Chen has been damaged by Marshall's failure to repay the full amount due under the First Promissory Note.

## SECOND CAUSE OF ACTION
(Breach of Contract – Second Promissory Note)

19. Chen repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as if the same were fully set forth at length herein.

20. Chen and Marshall were parties to a binding agreement whereby Chen agreed to loan Marshall the principal amount of $50,000, and Marshall agreed to repay the principal amount plus accrued interest by August 31, 2011.

21. Chen has performed all his obligations under the parties' agreement by transferring funds in the amount of $50,000 to Marshall on July 1, 2011.

22. Marshall has failed to make payment in the full amount due under the Second Promissory Note and has defaulted on his obligation to repay Chen.

23. Chen has been damaged by Marshall's failure to repay the full amount due under the Second Promissory Note.

## THIRD CAUSE OF ACTION
(Unjust Enrichment)

24. Chen repeats and realleges each and every allegation contained in paragraphs 1 through 23 above as if the same were fully set forth at length herein.

25. Chen has provided a valuable loan to Marshall in the total principal amount of $600,000, which Marshall has refused to repay in full.

26. Marshall has been unjustly enriched by accepting the loan from Chen without repaying same in full.

27. Because Marshall has been unjustly enriched at Chen's expense, Chen is entitled to judgment against Marshall for compensatory and other such damages to make Chen whole.

**WHEREFORE**, Chen seeks judgment as follows:

(a) On the First Cause of Action, awarding Chen the outstanding principal balance of the loan plus pre-judgment interest at a rate of 3.25% per annum, totaling $555,484.93 as of November 21, 2012, plus interest accrued up to and including the date of judgment;

(b) On the Second Cause of Action, awarding Chen the outstanding principal balance of the loan plus pre-judgment interest at a rate of 3.25% per annum, totaling $46,665.92 as of November 21, 2012, plus interest accrued up to and including the date of judgment;

(c) On the Third Cause of Action, awarding Chen $602,150.85 plus interest accrued up to and including the date of judgment;

(d) On the First, Second and Third Causes of Action, awarding Chen his attorneys' fees, post-judgment interest, and costs; and

(e) Granting Chen such further and different relief as the Court deems just and proper.

Dated: New York, New York
November 21, 2012

        BROWN GAVALAS & FROMM LLP
        Attorneys for Plaintiff
        KIMBALL C. CHEN

        David H. Fromm (DF-9334)
        355 Lexington Avenue
        New York, New York 10017
        Tel: (212) 983-8500
        Fax: (212) 983-5946

# EXHIBIT A

PROMISSORY NOTE

**US $550,000**                                                                                           June 30, 2011

  FOR VALUE RECEIVED, **MEREDITH E. MARSHALL**, an individual residing at 6 Berkery Place, Alpine, New Jersey 07620 (the "Obligor"), hereby promises to pay to the order of **KIMBALL C. CHEN**, an individual with offices at 654 Madison Avenue, New York, New York 10022 (the "Holder"), the principal sum of **FIVE HUNDRED FIFTY THOUSAND DOLLARS** (US $550,000), payable as set forth below. The Obligor also promises to pay to the order of the Holder interest on the principal amount hereof at a rate per annum of 3.25% which interest shall be payable at such time as is due hereunder. Interest shall be calculated on the basis of a year of 365 days and for the number of days actually elapsed. The payments of principal and interest hereunder shall be made in lawful currency of the United States of America which at the time of payment shall be legal tender therein for the payment of public and private debts.

  This Note shall be subject to the following additional terms and conditions:

1. <u>Payments</u>. Subject to the provisions of Section 7, unless prepaid earlier pursuant to Section 2 hereof, all principal and interest due hereunder shall be due and payable on August 31, 2011.

2. <u>Prepayment</u>. The Obligor shall have the right at any time to prepay the principal hereof in whole or in part, without premium or penalty, provided that interest on the principal hereof to be so prepaid, accrued to the date of such prepayment, shall be paid concurrently therewith.

3. <u>Assignability</u>. The Holder shall have the right at any time to pledge, hypothecate, assign, transfer and convey his rights under this Note. The benefits of this Note shall inure to the benefit of the Holder and his heirs, successors and assigns. All references herein to the "Holder" shall be deemed to apply to the Holder's heirs, successors and assigns.

4. <u>No Waiver</u>. No failure or delay by the Holder in exercising any right, power or privilege under this Note shall operate as a waiver thereof nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies herein provided shall be cumulative and not exclusive of any rights or remedies provided by law. No course of dealing between the Obligor and the Holder shall operate as a waiver of any rights by the Holder.

5. <u>Waiver of Presentment and Notice of Dishonor</u>. The Obligor and all endorsers, guarantors and other parties that may be liable under this Note hereby waive presentment, notice of dishonor, protest and all other demands and notices in connection with the delivery, acceptance, performance or enforcement of this Note.

6. <u>Place of Payment</u>. All payments of principal of this Note and the interest due thereon shall be made at the Holder's address as set forth above, or at such place as the Holder may from time to time designate in writing to the Obligor.

7. <u>Events of Default</u>. The entire unpaid principal amount of this Note and the interest due thereon shall, at the option of the Holder exercised by written notice to the Obligor, forthwith become and be due and payable, without presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived, if any one or more of the following events (herein called "Events of Default") shall have occurred (for any reason whatsoever and whether such happening shall be voluntary or involuntary or come about or be effected by operation of law or pursuant to or in compliance with any judgment, decree or order of any court or any order, rule or regulation

of any administrative or governmental body) and be continuing at the time of such notice, that is to say:

  a) if default shall be made in the due and punctual payment of the principal of this Note and the interest due thereon when and as the same shall become due and payable, whether at maturity, or by acceleration or otherwise; or

  b) if the Obligor shall:

    (i) admit in writing his inability to pay his debts generally as they become due;
    (ii) file a petition in bankruptcy or a petition to take advantage of any insolvency act;
    (iii) make an assignment for the benefit of creditors;
    (iv) consent to the appointment of a receiver of the whole or any substantial part of his property;
    (v) on a petition in bankruptcy filed against him, be adjudicated a bankrupt; or
    (vi) file a petition or answer seeking reorganization or arrangement under the Federal bankruptcy laws or any other applicable law or statute of the United States of America or any State, district or territory thereof; or

8. <u>Remedies</u>. In case any one or more of the Events of Default specified in Section 7 hereof shall have occurred and be continuing, the Holder may proceed to protect and enforce its rights either by suit in equity and/or by action at law, whether for the specific performance of any covenant or agreement contained in this Note or in aid of the exercise of any power granted in this Note, or the Holder may proceed to enforce the payment of all sums due upon this Note or to enforce any other legal or equitable right of the Holder. Holder shall be entitled to reimbursement of all reasonable costs of collection of this Note, including all reasonable attorney fees in connection therewith.

9. <u>Severability</u>. In the event that one or more of the provisions of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

10. <u>Governing Law</u>. This Note and the rights and obligations of the Obligor and the Holder shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the principals of conflict of law of said state.

11. <u>Construction</u>. The headings in this Note are for convenience only and shall not effect the interpretation thereof.

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed and delivered on the date first written above.

_____
Meredith E. Marshall

2

# EXHIBIT B

PROMISSORY NOTE

US $ 50,000                                                                                                  July 1, 2011

FOR VALUE RECEIVED, **MEREDITH E. MARSHALL**, an individual residing at 6 Berkery Place, Alpine, New Jersey 07620 (the "Obligor"), hereby promises to pay to the order of **KIMBALL C. CHEN**, an individual with offices at 654 Madison Avenue, New York, New York 10022 (the "Holder"), the principal sum of FIFTY THOUSAND DOLLARS (US $ 50,000), payable as set forth below. The Obligor also promises to pay to the order of the Holder interest on the principal amount hereof at a rate per annum of 3.25% which interest shall be payable at such time as is due hereunder. Interest shall be calculated on the basis of a year of 365 days and for the number of days actually elapsed. The payments of principal and interest hereunder shall be made in lawful currency of the United States of America which at the time of payment shall be legal tender therein for the payment of public and private debts.

This Note shall be subject to the following additional terms and conditions:

1. <u>Payments</u>. Subject to the provisions of Section 7, unless prepaid earlier pursuant to Section 2 hereof, all principal and interest due hereunder shall be due and payable on August 31, 2011.

2. <u>Prepayment</u>. The Obligor shall have the right at any time to prepay the principal hereof in whole or in part, without premium or penalty, provided that interest on the principal hereof to be so prepaid, accrued to the date of such prepayment, shall be paid concurrently therewith.

3. <u>Assignability</u>. The Holder shall have the right at any time to pledge, hypothecate, assign, transfer and convey his rights under this Note. The benefits of this Note shall inure to the benefit of the Holder and his heirs, successors and assigns. All references herein to the "Holder" shall be deemed to apply to the Holder's heirs, successors and assigns.

4. <u>No Waiver</u>. No failure or delay by the Holder in exercising any right, power or privilege under this Note shall operate as a waiver thereof nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies herein provided shall be cumulative and not exclusive of any rights or remedies provided by law. No course of dealing between the Obligor and the Holder shall operate as a waiver of any rights by the Holder.

5. <u>Waiver of Presentment and Notice of Dishonor</u>. The Obligor and all endorsers, guarantors and other parties that may be liable under this Note hereby waive presentment, notice of dishonor, protest and all other demands and notices in connection with the delivery, acceptance, performance or enforcement of this Note.

6. <u>Place of Payment</u>. All payments of principal of this Note and the interest due thereon shall be made at the Holder's address as set forth above, or at such place as the Holder may from time to time designate in writing to the Obligor.

7. <u>Events of Default</u>. The entire unpaid principal amount of this Note and the interest due thereon shall, at the option of the Holder exercised by written notice to the Obligor, forthwith become and be due and payable, without presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived, if any one or more of the following events (herein called "Events of Default") shall have occurred (for any reason whatsoever and whether such happening shall be voluntary or involuntary or come about or be effected by operation of law or pursuant to or in compliance with any judgment, decree or order of any court or any order, rule or regulation

of any administrative or governmental body) and be continuing at the time of such notice, that is to say:

    a) if default shall be made in the due and punctual payment of the principal of this Note and the interest due thereon when and as the same shall become due and payable, whether at maturity, or by acceleration or otherwise; or

    b) if the Obligor shall:

        (i) admit in writing his inability to pay his debts generally as they become due;
        (ii) file a petition in bankruptcy or a petition to take advantage of any insolvency act;
        (iii) make an assignment for the benefit of creditors;
        (iv) consent to the appointment of a receiver of the whole or any substantial part of his property;
        (v) on a petition in bankruptcy filed against him, be adjudicated a bankrupt; or
        (vi) file a petition or answer seeking reorganization or arrangement under the Federal bankruptcy laws or any other applicable law or statute of the United States of America or any State, district or territory thereof; or

8. **Remedies.** In case any one or more of the Events of Default specified in Section 7 hereof shall have occurred and be continuing, the Holder may proceed to protect and enforce its rights either by suit in equity and/or by action at law, whether for the specific performance of any covenant or agreement contained in this Note or in aid of the exercise of any power granted in this Note, or the Holder may proceed to enforce the payment of all sums due upon this Note or to enforce any other legal or equitable right of the Holder. Holder shall be entitled to reimbursement of all reasonable costs of collection of this Note, including all reasonable attorney fees in connection therewith.

9. **Severability.** In the event that one or more of the provisions of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

10. **Governing Law.** This Note and the rights and obligations of the Obligor and the Holder shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the principals of conflict of law of said state.

11. **Construction.** The headings in this Note are for convenience only and shall not effect the interpretation thereof.

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed and delivered on the date first written above.

                                                                    */s/ Meredith E. Marshall*
                                                                    Meredith E. Marshall